**In re Dennis E. HARRISON, Debtor.**

**Dennis E. HARRISON, Plaintiff,**

**v.**

**RHODES FINANCIAL SERVICES, INC., Defendant.**

Bankruptcy No. 90–12149.
Adv. No. 91–1046.

United States Bankruptcy Court,
D. Rhode Island.

Oct. 30, 1992.

---

**374**

John Rao, R.I. Legal Services, Inc., Peace Dale, RI, for debtor/plaintiff.

Louis F. Robbio, Robbio and Nottie, Ltd., Providence, RI, for defendant.

John Boyajian, Boyajian, Harrington & Richardson, Providence, RI, Chapter 13 Trustee.

---

1. Ms. White claims that she did not receive notice of the April 21 Order until after the expiration of the appeal period. However, she does not dispute that she did in fact receive notice thereof prior to the October 14, 1992 contempt hearing. In addition, according to Debtor's counsel, Mr. Robbio did receive timely notice of the Order. Thus, it appears that Ms. White's complaints, if valid, are between her and Mr. Robbio's firm.

2. In addition, confusion exists as to whether Mr. Robbio had withdrawn as counsel to Rhodes. According to the record in this case however, Robbio never officially withdrew his representation of Rhodes. Due to alleged illness, Mr.

## ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on October 14, 1992 on the Debtor's Motion for Order for Civil Contempt and for Sanctions against the Defendant, Rhodes Financial Services, Inc. ("Rhodes"), for its failure to comply with our April 21, 1992 Order requiring it to pay: (1) Debtor's counsel fees in the amount of $2,223.00; (2) costs in the amount of $409.21; and (3) to deliver to Debtor's counsel a discharge of the mortgage on the Debtor's house.

At the hearing, Rhodes' President, Cheryl White, complained about the notice she received from Rhodes' attorney concerning our April 21, 1992 Order,[1] and the lack of communication between Rhodes (through herself) and its attorney, Louis Robbio, Esq.[2] These allegations, however, have no bearing on the issue before the Court, which is the enforcement of its orders.

In addition, Ms. White expressed great dissatisfaction with the adversary judicial system in this country, and was especially defensive concerning her obligation,[3] as a defendant in a lawsuit, to respond to allegations made against Rhodes. This Court however, is not the forum in which to raise these grievances and we definitely cannot solve Ms. White's complaints with the "system."

Based upon the entire record, we find that the Defendant Rhodes had both actual and constructive notice of this Court's April 21, 1992 Order and that to date it has failed, without justification, to comply with same. Accordingly, the Debtor's Motion

Robbio did not attend this latest hearing, and therefore could not shed any light on the complaints made against him. While the allegations against Robbio were quite serious, and while Ms. White repeatedly stated that she understood Mr. Robbio to have withdrawn from the case, she has not explained why she failed to obtain replacement counsel for over an eight month period of time. Instead, she spent considerable time blaming everyone but herself for the fact that the matter proceeded, in the Defendant Rhodes' absence, to a final judgment.

3. We use the term "her" for sake of simplicity although in reality the Defendant is the corporation, Rhodes Financial Services, Inc.

for Civil Contempt Order and for Sanctions is GRANTED. Defendant Rhodes may purge itself of said contempt by complying in full with this and our April 21, 1992 Order, and in addition is ORDERED to pay the Debtor's counsel's fees in bringing the within motion, in the amount of $250.00, *all forthwith*.

The failure of Rhodes Financial Services, Inc. to comply with the terms of this Order and opportunity to purge itself of contempt as aforesaid will result in the certification of this matter to the District Court with the recommendation that the principal of the Defendant [4] be incarcerated for refusing to obey this Court's orders. *See Fed. R.Bankr.P. 9020.*

Enter Judgment consistent with this opinion.

---

**4.** Based upon Ms. White's appearance at the October 14th contempt hearing wherein she held herself out as the principal of the Defendant Corporation, we find as a fact that she is the corporate officer responsible for the acts and conduct of the Defendant.