In re Dennis E. HARRISON, Debtor,

Dennis E. HARRISON, Plaintiff,

v.

RHODES FINANCIAL SERVICES, INC., Defendant.

Bankruptcy No. 90–12149.
Adv. No. 91–1046.

United States Bankruptcy Court, D. Rhode Island.

Dec. 10, 1992.

John Rao, R.I. Legal Services, Inc., Peace Dale, RI, for debtor/plaintiff.

Louis F. Robbio, Robbio and Nottie, Ltd., Providence, RI, for defendant.

John Boyajian, Chapter 13 Trustee, Boyajian, Harrington & Richardson, Providence, RI.

DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Before the Court is an array of motions filed by the Defendant, Rhodes Financial Services, Inc. ("Rhodes"), concerning two Orders entered by this Court dated July 15, 1992 and October 30, 1992, respectively. Specifically, Defendant Rhodes seeks: (1) Relief from Judgment or Order to Remove Default pertaining to our July 15, 1992 Order and Judgment; (2) a New Trial or in the Alternative Relief from Judgment or Order of Contempt pertaining to our October 30, 1992 Order, 148 B.R. 373; and (3) a Pre-hearing Conference.

Upon consideration of the extensive legal memoranda filed by both parties, the two

---

Orders at issue, and the entire record in this adversary proceedings,[1] we make the following dispositive rulings:

 (1) As to Rhodes' Motion for Relief from the July 15, 1992 Order and Judgment, we agree with Rhodes that our entry of default and of default judgment was unauthorized, in light of the form in which the plaintiff's request for relief was captioned. Accordingly, that portion of our July 15, 1992 Order which purported to discharge the mortgage should be set aside, pursuant to Fed.R.Bankr.P. 9024 and Fed.R.Civ.P. 60(b).[2] While we agree with the Plaintiff that the Bankruptcy Court has the inherent authority to enter a default judgment (even without being presented with such a motion), here, where the Plaintiff captioned his pleading to request merely the issuance of a "show cause order for entry of default," our authority was thereby limited and narrowed by the specific notice given to the Defendant. Therefore, we conclude that the notice given to Rhodes[3] did not afford the Defendant adequate due process, vis-a-vis the entry of default and a default judgment against it. Accordingly, Rhodes' Motion for Relief from Judgment is GRANTED as to the discharge of the mortgage, but is DENIED as to the remainder.

In place of the July 15, 1992 ruling ordering the entry of default and a default judgment, (but for all of the same reasons contained in that Order), the Defendant, Rhodes Financial Services, Inc., is ORDERED to appear on January 7, 1993 at 10:00 a.m., to SHOW CAUSE why default should not be entered against it.

(2) As to the Motion for New Trial or Relief from the October 30, 1992 Order of Contempt, for the reasons given above, we hereby VACATE that part of said Order (item number .3) which adjudges the Defendant in contempt for failing to comply with that portion of our July 15, 1992 Order requiring it to discharge the mortgage.

(3) Lastly, Rhodes had requested a prehearing conference to assist the Court in deciding the above matters. In view of our rulings herein, that Motion is DENIED as MOOT.

Enter Judgment consistent with this opinion.

---

1. We agree with the recitation of the travel of this proceeding as presented by the Plaintiff, and do not alter our prior findings that this Defendant has consistently engaged in dilatory and obstructionist conduct throughout the litigation, and that Cheryl White, the principal of Rhodes, is indignant at Rhodes having to defend itself in this lawsuit.

2. All assessments of costs and attorney fees remain intact, however, and are not altered by this Decision and Order.

3. We reject the Defendant's argument that it did not receive notice of the July 9, 1992 hearing and rule as a matter of law that notice to Rhodes' counsel was due and proper notice to the Defendant.